UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:16 CR 320 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JASAUN R. MATTICE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a series of motions and other filings submitted by Defendant Jasaun Mattice, as well as some responsive motions filed by the United States.

(1) Motion for Bond. (ECF #26).

This motion is DENIED. When determining, under the Bail Reform Act, the Court must consider whether any conditions or combination of conditions exist that will reasonably assure the appearance of the person as required and the safety of the community. S. Rep. No. 98-225, U.S. Code & Admin. News at p. 3196; *Accord, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). In making this decision, the Court considers factors including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and the defendant's criminal history. The government's brief in opposition to the motion for release (ECF #27) specifically sets forth the reasons which support this Court's determination that bond is not appropriate in this case.

(2) The Government's Motion to Preclude Defendant from Using "Hybrid" Representation and Motion to Strike. (ECF #35).

This motion is GRANTED. Any filings made by the Defendant on a *pro se* basis prior to the approval of his request to represent himself are, hereby, stricken. Defendant has a right to be represented by counsel or to proceed pro se, but may not proceed simultaneously pro se and by counsel. See, e.g., *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982). Defendant's request for self-representation was granted on March 31, 2017. (ECF #36). Prior to this date, Defendant was represented by counsel. Therefore, no *pro se* filings submitted prior to March 31, 2017 should have been or should be considered by this Court.

(3) Motion to Dismiss Indictment. (ECF #37).

This motion is DENIED. Mr. Mattice argues in his motion that the indictment should be dismissed because his right to a speedy trial has been violated. Although more than 70 days passed between the filing of the first indictment and the filing of this motion, most of the days were excludable under 18 U.S.C. §3161(h), based on filings and requests made on behalf of the Defendant. The non-excludable days do not exceed the 70 day window under Mr. Mattice's right to a speedy trial. Further, the Defendant through his counsel requested several continuances of the trial date, and the Court has found that the ends of justice served by the delays in this case outweigh the best interest of the public and defendant in a speedy trial. (See, e.g., ECF # 11, 12, 13, 14, 15, 16, 23, 24, 25, 26, 28, 30, 32, 37, 38, 56, 57, 68, 73, 76, 90, 91, 94, 96).

(4) Application to proceed on Appeal without prepaying fees or costs. (ECF #39).

This application is DENIED as moot. The Court of Appeals dismissed this appeal on June

14, 2017, rendering the fee issue moot. (ECF #71).

(5) Motion to Strike "Notice of Issue of Foreign Law and Complaint. (ECF #43).

This motion is GRANTED. This motion was filed in response to Mr. Mattice's Notice of Issue of Foreign Law in which he claims not to be subject to the laws and rules of the United States because he is not a citizen and claims to be "Moor," entitled to "Free Passage and Immunity when in the territorial jurisdiction of the United States." (ECF #42). The "Moorish Nation" is not a recognized sovereign state and persons claiming to be Moor are not immune from the laws and rules imposed by the United States. *See, e.g., Clay v. Missouri*, 2014 WL 260097, at *3 (E.D. Mo. Jan. 23, 2014); *Bey v. Genano*, NO. PWG-16-2800, 2017 WL 1315530, slip op. At 4 (D. Md. Apr. 10, 2017). Further, no individual can bestow sovereign immunity on themselves. *Nathan v. Mehan*, 2013 WL 5776301, at *2 (E.D. Mo. Oct. 25, 2013). Finally, even if Mr. Mattice were not a United States citizen, he would be required to conform to the laws of the United States while residing in the United States. *See, e.g., Leonard v. Eley*, 151 F.2d 409 (10th cir. 1945). Mr. Mattice is subject to the laws of the United States and no issue of foreign law is applicable to his case.

(6) Motion to Dismiss Indictment (ECF #56).

This motion is DENIED. In this motion to dismiss, Mr. Mattice alleges that this Court is without jurisdiction to hear the Complaint, that the indictment failed to charge him as a "'person' within the meaning of 18 U.S.C. § 1344, 513, 1028," that he is not part of the class of persons to whom the statute applies, and that the grand jury indictment violated his due process rights. Defendant was charged with offenses under Title 18 of the United States Code. Sections 513, 1344, and 1028 of Title 18 apply to "whoever" violates the prohibitions set forth therein.

"Whoever" is an all inclusive term that includes any person who might engage in activities that violate those statutes. Therefore, if the Government is able to prove that the Defendant violated these statutes, the Defendant would be a person to whom the statute applies. The establishment of the offenses prohibited under Title 18 are justified by the Commerce Clause of the United States Constitution. *United States v. Lopez*, 514 U.S. 549, 558-9 (1995). The crimes Defendant has been accused of, including defrauding financial institutions that have banks throughout the country, identity theft, are activities that might substantially affect interstate commerce. Further, the grand jury process in this met constitutional requirements. United States Cons. Amend V. The processes Defendant claims were lacking are required processes in a criminal trial, but do not apply to grand jury proceedings. Grand juries may initiate an investigation without a prior showing of probable cause, because it is their purpose to make the determination as to whether probable cause exists to initiate charges. They have "wide latitude" to inquire into potential violations of criminal law and "are unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials." *United States v. Sells Eng'g., Inc.*, 463 U.S. 418, 423 (1983).

(7) Memorandum of Law and Notice of Speedy Trial Violations (ECF #69).

As with his Motion to Dismiss Indictment on the basis of an alleged speedy trial violation (ECF #37), this Notice fails to establish a violation of Mr. Mattice's right to speedy trial. As set forth above, the non-excludable days that have passed since his indictment do not exceed the 70 day window under Mr. Mattice's right to a speedy trial. The tolling calculations set forth in the Government's Brief in Response (ECF #98) are correct, and are adopted as part of this opinion. Further, the Court has found that the ends of justice served by the delays in this case outweigh the

best interest of the public and defendant in a speedy trial. (See, ECF # 23, 24, 25, 28, 30, 32, 37, 38, 57).

(8) Demand to Withdraw Not Guilty Plea (ECF #91).

This motion is DENIED. Mr. Mattice seeks to withdraw his not guilty plea in order to enter a plea of "no jurisdiction." There is no such thing as a plea of "no jurisdiction" under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(a)(1). Further, this Court has already addressed the jurisdictional arguments asserted by Mr. Mattice and found them to be without merit. His current not guilty plea protects his rights, and his jurisdictional arguments are already preserved for appeal. There is no legal grounds for replacing or renaming his current not guilty plea.

For all of the above reasons, the following motions, and other requests filed by Mr. Mattice are all DENIED: (1) Motion for Bond. (ECF #26); (2) Motion to Dismiss Indictment. (ECF #37); (3) Application to proceed on Appeal without prepaying fees or costs. (ECF #39); (4) Motion to Dismiss Indictment (ECF #56); (5) Memorandum of Law and Notice of Speedy Trial Violations (ECF #69); (6) Demand to Withdraw Not Guilty Plea (ECF #91). The following motions by the Government are GRANTED: (1) The Government's Motion to Preclude Defendant from Using "Hybrid" Representation and Motion to Strike. (ECF #35), and (2) Motion to Strike "Notice of Issue of Foreign Law and Complaint. (ECF #43). IT IS SO ORDERED.

DATED: November 22, 2017

DONALD C. NUGENT
United States District Judge