IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-CR-00320 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| JASAUN R. MATTICE, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon the Defendant's, Jasaun R. Mattice [hereinafter "Mr. Mattice" or "Defendant"], Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF #220 . The United States of America filed a response. ECF #226 . Mr. Mattice filed an additional response, and a "Letter Rogatory for Relief." ECF #233, 234-1. For the reasons set forth below, Defendant's Motion is DENIED.

## PROCEDURAL HISTORY

Between October and November of 2014, Mr. Mattice cashed thousands of dollars' worth of counterfeit checks. ECF# 1. He was originally charged in Cuyahoga County Common Pleas Court and released on bond. On October 13, 2016, a federal grand jury indicted Mr. Mattice on 28 counts, including Bank Fraud, Possession of Counterfeit Securities, and Aggravated Identity Theft. Cuyahoga County dropped their charges against Mr. Mattice following the federal indictment.

On October 26, 2016, Mr. Mattice was arrested on the federal charges and appeared before

this Court for an initial appearance. ECF# 5. The Court appointed Attorney James Jenkins as Defendant's counsel and ordered the Defendant detained pending trial. ECF #5. While in detention, Mattice again engaged in counterfeiting checks from jail by ordering his accomplices to fraudulently forge and cash payroll checks. On April 26, 2017, a federal grand jury issued a Superseding Indictment against Mr. Mattice and three co-defendants: Brittany Metier, Curtis Hinton, and Reaunna Pass. ECF #44. Mr. Mattice appeared with counsel for a pretrial hearing on March 31, 2017. ECF#164. He expressed dissatisfaction with his counsel and the Court granted Mattice's request to proceed *pro se,* appointing Attorney Jenkins to act his stand-by counsel. Over the following months, the Court continued the case at Mr. Mattice's request and held several more pretrials to allow Mattice an opportunity to review the discovery and file motions. The Court scheduled Mattice's trial for January 24, 2018.

On January 22, 2018, Mr. Mattice appeared before the Court for a final pretrial, again represented by Attorney Jenkins. After Mr. Mattice conferenced with his lawyer, the Court reconvened and Mr. Mattice pled guilty to the Superseding Indictment by way of a written plea agreement. ECF #127. The Court ensured that Mr. Mattice understood all of the Constitutional rights that he was waiving, that he had read and initialed each page of the plea agreement, and that he had not been threatened or coerced into pleading guilty. ECF# 171. The Court also had the AUSA read the entire plea agreement out loud before accepting Defendant's guilty plea. ECF #171.

Prior to sentencing, Defendant's counsel filed a sentencing memorandum that addressed various mitigating factors. ECF#145. Defendant's counsel also filed four objections to the PSR:

one objection to the four-level enhancement for Defendant's role as the leader of a scheme involving five or more participants, and three objections to the calculation of Mattice's criminal history score. ECF #140. The Court addressed and overruled each of these objections. The Court calculated Mattice's offense level as 17 and his criminal history category as V, which resulted in a preliminary Guidelines range of 46 to 57 months. ECF #175. The Court then incorporated the mandatory two-year consecutive sentence for aggravated identity theft into the Guidelines calculation, making Mattice's final advisory Guidelines range 70 to 81 months in prison. On May 2, 2018, the Court sentenced Mr. Mattice to a term of fifty-five months in the Bureau of Prisons on Counts 1-12, 13-24, and 29-44, to run concurrent; and to a term of twenty-four months on Counts 25-28, to run concurrent with each other, but consecutive the other fifty-five months for a total of 79 months in prison.

Mr. Mattice, through Attorney Jenkins, filed a direct appeal with the Sixth Circuit, contending the district court failed to properly address the following factors at sentencing: "(1) that Mattice should have received a three-level reduction for acceptance of responsibility rather than the two-level reduction he received, even though the Government did not move for the third level, (2) that the loss amount only marginally exceeded the $40,000 threshold for an enhancement under the Guidelines, (3) that Mattice's codefendants received more lenient sentences than him, and (4) that Mattice should have received a downward departure from the Guidelines range". *See United States v. Mattice*, No. 18-3430, -- F. App'x --, 2019 WL 1056727 (6th Cir. 2019). The Sixth Circuit rejected all of Mattice's arguments and affirmed his sentence. *Id.* On May 6, 2019, Mattice filed this timely Motion to Vacate under Section 2255, raising twelve grounds for relief. ECF #220.

## ANALYSIS

Section 2255 of Title 28 of the United States Code states that a prisoner:

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner who moves to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255, must show: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error or fact or law that was so fundamental as to render the entire proceeding invalid." *Mallet v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

It is well-established that "a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). A defendant faces a significantly limited right to collaterally attack a sentence upon pleading guilty. The basic rule is that "a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Generally, the only claims that such a prisoner can make are (1) that his plea was not voluntary and intelligent; (2) that he received ineffective assistance of counsel prior to entering the plea; or (3) that on the fact of the record it is clear that the district court had no power to enter the conviction or impose the sentence. *Id.*; *United States v. Broce*, 488 U.S. 563, 569 (1989).

This court has evaluated the Defendant's motion and the Government's response and has

conducted a review of the record in this case. For the reasons set forth below, all of Petitioner's claims are DISMISSED.

1. **GROUND I: Defendant waived his right to assert a jurisdictional claim by pleading guilty.**

Ground I asserts that Mr. Mattice's conviction "violates the Constitution and the laws of the United States and the court lacked jurisdiction to enter the judgment [because] the crimes alleged against him are state crimes involving local defendants, local police and a purely local situation. ECF #220. Claim one is procedurally defaulted because Mattice could have raised it on direct appeal, but failed to do so. *Mabry*, 467 U.S. 504 at 508. Further, this claim fails on the merits. Mr. Mattice's attacks on the court's jurisdiction and the validity of federal statutes lack foundation. He was indicted for violating a federal statute, and therefore, the federal courts have jurisdiction over his case. His arguments regarding jurisdiction conflate diversity jurisdiction in a civil case with jurisdiction in a criminal case. Mr. Mattice's arguments are not supported by statute or case law, and should therefore, Ground I should be dismissed.

2. **GROUND II: Defendant claim his guilty plea was not knowing and voluntary is procedurally defaulted and fails on the merits**

Defendant's Second Ground for relief alleges that the plea was not knowing and voluntary. This claim is procedurally defaulted and even if it was not procedurally defaulted, it would fail on the merits. Defendant alleges his guilty plea was not knowing and voluntary because: (1) the district court misinformed him of the maximum possible penalties; (2) he did not understand the nature of the charges, and (3) he mistakenly believed that he would receive an 18-month sentence by pleading guilty. ECF #220. Mr. Mattice waived this claim by failing to

raise it on direct appeal per *Bousley v. United States*, which held "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." 523 U.S. 614, 621 (1998). It is also contradicted by the record of the plea colloquy. The Court verified Mattice was thinking clearly, that he was fully aware of his rights while pleading guilty, and that he spoke to his counsel about the plea. ECF #171. He acknowledged his understanding and agreement with the terms of the plea agreement orally and in writing (by way of his signature and initials on each page). Further, the allegation that he was misinformed about statutory maximums and that he did not understand the nature of his charges are clearly contradicted by the explicitly defined terms of the plea agreement and his interactions with the Court during his plea hearing. ECF #127, 175.

   3.  **GROUND III: Defendant's claim of ineffective assistance of counsel fails on the merits.**

Ground III asserted by Mr. Mattice alleges ineffective counsel. To prevail on an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showing its cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both elements of the Strickland Test must be satisfied for the defendant's claim to pass muster. Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Examination of the counsel's performance must focus on

counsel's actual performance, not on retrospective analysis. For a counsel's performance to be deficient, it must fall "below an objective standard of reasonableness." *Id.* at 688. The Sixth Circuit holds "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arrededondo v. United States,* 178 F.3d 778, 782.

### a. Mr. Mattice's claim of ineffective assistance of counsel against Attorney Scott Ramsey is procedurally barred and without merit under the Interstate Agreement on Detainers.

First, Attorney Ramsey did not represent Mr. Mattice in this federal criminal case. Mr. Mattice cannot use a Section 2255 petition to address grievances against an attorney who represented him in a separate and distinct state court case. The Sixth Amendment right to counsel commences when prosecution begins for any specific case. *Turner v. United States,* 885 F.3d 949 (6th Cir. 2018). Therefore, a petitioner may not bring a claim for ineffecitive assistance of counsel based on their performance in a separate or previous case. Mr. Mattice's further claim against Attorney Ramsey for ineffective counsel for not litigating a violation of the Interstate Agreement on Detainers also fails, as "the IAD applies to prisoners who have begun serving their sentence and not to pre-trial detainees." Mr. Mattice was awaiting trial on bond in state court when he was federally indicted and arrested, therefore any claim brought under the IAD would not meet the statutory requirements. *Id.*

### b. Mr. Mattice's claim against Attorney Jenkins for ineffective assistance of counsel regarding pretrial proceedings is without merit.

Mr. Mattice's claims regarding Attorney Jenkins' performance during pretrial proceedings are also without merit. Mr. Mattice claims that Attorney Jenkins failed to properly

7

file motions, and that Attorney Jenkins only met with Mr. Mattice once before Mr. Mattice decided to represent himself. Although it was denied, Attorney Jenkins filed a timely Motion for Bond. ECF #26. He did not file a motion for a preliminary hearing because Mr. Mattice was charged by an indictment, and, therefore, not entitled to that proceeding. As for the allegation Attorney Jenkins did not sufficiently visit Mr. Mattice in prison, there is no allegation that this prejudiced Mr. Mattice's case in any way. There were no significant procedural events that occurred between their initial meeting and Mr. Mattice's decision to represent himself. Further, Mr. Mattice failed to raise this issue on direct appeal, and offers no explanation for his failure to do so. He also does not claim that the failure to raise this issue on appeal was in itself ineffective assistance of appellate counsel. ECF #220.

        c.      **Mr. Mattice's claim against Attorney Jenkins for ineffective assistance of counsel during the time between reemploying his legal assistance and his sentencing, where he pleaded guilty, are without merit.**

Mr. Mattice's claim against Attorney Jenkins during the brief period between reemploying his legal assistance and sentencing is similarly without merit. Mr. Mattice claims he was "rushed into signing a plea" by Attorney Jenkins. However, in his 2255 petition, Mr. Mattice stipulates that Attorney Jenkins evaluated his chance of success at trial and on appeal and that Mr. Mattice would be given a lower sentence if he pleaded guilty and would likely be given consideration for his time served in pretrial detention. (ECF #220). Further, Mr. Mattice's 2255 claims directly contradict his sworn statements in the plea agreement. (ECF #127).

        d.      **Mr. Mattice's claim against Attorney Jenkins for ineffective**

assistance of counsel during sentencing is without merit.

Mr. Mattice's claim for ineffective assistance of counsel regarding sentencing is without merit. Mr. Mattice claims Attorney Jenkins did not adequately prepare for sentencing as he did not start "until a week before" sentencing (ECF #220) and that counsel failed to do an investigation into mitigating factors about Mr. Mattice's upbringing. These claims are without merit. The Pre-Sentencing Report indicates Mr. Mattice's counsel was present for the PSR interview, filed timely objections, and filed a sentencing memorandum concerning mitigating circumstances for Mr. Mattice. (ECF #140). The evidence indicates that Attorney Jenkins was prepared for the sentencing and investigated mitigating circumstances.

   e. **Mr. Mattice's claim against Attorney Jenkins for ineffective assistance of counsel for lack of appeals is without merit.**

Mr. Mattice claims that Attorney Jenkins was ineffective counsel for "failing to appeal the following issues: (1) Mattice's pro se motion about the Court lacking jurisdiction under Rule 12 of the Federal Rules of Civil Procedure, (2) Mattice's four-level Guidelines enhancement for being a leader or organizer of criminal activity involving five or more participants, (3) the court's calculation of Mattice's criminal history category, and (4) the district court's misapplication of jail time credit." (ECF #226). In this case, raising such claims would have been frivolous and thus Attorney Jenkins acted correctly in not appealing them. In sum, all claims in Ground III should be dismissed.

  4. **GROUND IV: Defendant's claim that "the facts alleged do not constitute a crime against the United States" is procedurally defaulted and without merit.**

As outlined in Ground I, Defendant waived the right to bring this claim when he pleaded

guilty. 467 U.S. 504 at 508. Here, to the extent that Mr. Mattice is arguing that the charged crimes should not be considered crimes, Mr. Mattice recycles the arguments he used for Ground I regarding jurisdiction and statutory validity, for the same reasons as listed above in Ground I, Ground IV should be dismissed. Further, to the extent that he is attempting to claim that the actions he took did not fulfill the criteria of the crimes charged, Mr. Mattice acknowledged in his plea agreement that he was guilty of the crimes charged. Ground IV is meritless and should be dismissed.

5. **GROUND V: Defendant's Fourth Amendment claim is noncognizable, procedurally defaulted, and waived.**

Mr. Mattice asserts a Fourth Amendment argument alleging the seizure of his bank records by the government was unconstitutional. The defendant had a full and fair opportunity to litigate his Fourth Amendment claim at several points during this litigation, and failed to raise this claim until his § 2255 petition. The claim is procedurally defaulted because the defendant failed to raise it on direct appeal, and it was further waived because it does not fit any exception to the waiver in the plea agreement. *Mabry*, 467 U.S. 504 at 508. Further, there is no evidence or other factual support cited that would allow this Court to determine that the seizure was improper.

6. **GROUND VI: Defendant's Fifth Amendment claim was waived when he pled guilty and failed to raise the argument on direct appeal.**

Mr. Mattice waived any Fifth Amendment claim when he pleaded guilty and failed to raise the claim on direct appeal. *Id.* Further, there are no facts in the record, or otherwise cited

10

by Mr. Mattice that would support a finding that his Fifth Amendment rights were violated in any way.

7. **GROUND VII: Defendant's Double Jeopardy claim is without merit.**

In Ground VII, Mr. Mattice claims "[t[he State proceedings [were] interrupted by federal authorities who unlawfully seized movant on a warrant not supported by probable cause to be brought up on charge(s)" for the "same transaction." ECF #220. Mr. Mattice alleges the federal government's indictment during pending state court proceedings for similar conduct constituted double jeopardy. The United States Supreme Court has recently reaffirmed the principle that a defendant may be tried by state and federal governments for the same criminal conduct without violating double jeopardy. *Gamble v. United States*, Case No. 17-646, U.S. Supreme Court, decided June 17, 2019. Further, the state's case against Mr. Mattice was dismissed prior to trial and double jeopardy does not attach, even within the same jurisdiction, if a prior criminal case terminates without a determination.

8. **GROUND IX is procedurally defaulted and does not apply to the instant case.**

Mr. Mattice claims the Interstate Agreement on Detainers (IAD) was violated by his federal arrest. The IAD does not apply to the instant case because Mr. Mattice was not serving a sentence at the time of his federal arrest. The IAD does not "does not apply to detainers filed by federal authorities against federal prisoners." *United States v. Stoner*, 799 F.2d 1253, 1256 (9th Cir. 1986), cert. denied, 479 U.S. 1021 (1986). Further, Mr. Mattice did not raise this issue on direct appeal, and it does not satisfy any of the exceptions to the appeal waiver contained in his plea agreement.

9. **GROUND VIII, GROUND X, GROUND XI, and GROUND XII are non-cognizable and do not assert particular facts that state a claim.**

A petitioner's claim should be disregarded if they "can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Here, Mr. Mattice does not offer sufficient facts to state a cognizable claim for Grounds VII, X, XI, and XII. Mr. Mattice captions Ground VIII as "Conviction obtained by use of evidence obtained by an unlawful arrest." ECF #220. Ground X alleges "[t]he judges, prosecutors, attorney's, police, and agents of State and Federal agencies in this case are guilty of violating the laws of the United States." ECF #220. Ground XI, similar to Ground X, alleges the United States Department of Justice violated the laws of the United States. ECF #220. These three grounds are conclusory and are not supported by any specific factual allegations. They also could have been raised on direct appeal. They, therefore, should be dismissed. Ground XII, which cited Federal Rules of Civil Procedure and 31 U.S.C. § 5118 (Gold Clauses and Consent to Sue), and states: "Pursuant to Rule 8 FRCP, 'I accept for value.' I accept the charges for value and consideration and return and for full settlement for cause and account number." ECF #220. This argument ties into Mr. Mattice's claims for relief under the Uniform Commercial Code, the IRS assessments, Federal Reserve Act, Foreign Sovereign Immunity Act, private debt collection laws, securities law, and the Administrative Procedures Act, as contained in his responsive filings. ECF #233, 234. None of these laws apply to Mr. Mattice's situation, nor do any excuse his conduct, or prohibit the government's prosecution of this case. This claim is also unsupported by facts or law, and thus should also be dismissed.

## CONCLUSION

The files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, therefore, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Memorandum Opinion and Order, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

This case is dismissed. IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: July 30, 2019